E-FILED
Thursday, 19 November, 2026 01:15:51 PM
Clerk, U.S. District Court, ILCD

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
ROCK ISLAND DIVISION

| | | |
|---|---|---|
| ANTHONY WILLIAMS,<br><br>Plaintiff,<br><br>v.<br><br>LINDSEY MAY, et al.,<br><br>Defendants. | ) | 4:26-cv-04065-MMM |

**ORDER**

Plaintiff, proceeding pro se under 42 U.S.C. § 1983, presently incarcerated at Stateville Correctional Center, asserts claims in a first amended complaint based on his time detained at Knox County Jail.

A. Motion to Request Counsel

Plaintiff has moved for Court assistance in obtaining an attorney.

District judges should engage in a two-step inquiry when faced with a request for pro bono counsel under § 1915(e)(1), asking first "(1) has the indigent plaintiff made a reasonable attempt to obtain counsel or been effectively precluded from doing so; and if so, (2) given the difficulty of the case, does the plaintiff appear competent to litigate it himself?" *Pruitt v. Mote*, 503 F.3d 647, 654 (7th Cir. 2007) (en banc).

Plaintiff writes that he has made reasonable efforts to find a lawyer before asking the Court for help, but there is no explanation of what he means by that. This is insufficient. Plaintiff has engaged in a variety of federal civil suits, as well as state court litigation in his criminal cases. Plaintiff must demonstrate that he has requested

assistance from several attorneys who practice in this area of the law, specific to the allegations in this lawsuit, and if he does so and is unsuccessful he may renew his motion. The motion is denied at this time.

B. Merit Review Order

The case is before the Court for a merit review of Plaintiff's complaint. The Court must "screen" Plaintiff's complaint, and through such process identify and dismiss any legally insufficient claim, or the entire action if warranted. 28 U.S.C. § 1915A. A claim is legally insufficient if it "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." *Id.*

The Court accepts the factual allegations as true, liberally construing them in the plaintiff's favor. *Turley v. Rednour*, 729 F.3d 645, 649 (7th Cir. 2013). Conclusory statements and labels are insufficient—the facts alleged must "state a claim for relief that is plausible on its face." *Alexander v. United States*, 721 F.3d 418, 422 (7th Cir. 2013) (citation omitted).

1. Factual Allegations

Plaintiff's allegations cover several incidents.

Plaintiff names as Defendants Knox County officers Chief Deputy Lindsey May, Jr., Deputy Damewood, Sergeant Gregory Jennings, and Sergeant Matthew Stewart.

On September 16, 2025, Defendant May was escorting Plaintiff at the Knox County Jail and without provocation grabbed Plaintiff's wrists and twisted with

extreme force, causing a "pop" and severe pain. There was no security based reason for May's use of force.

On January 26, 2026, Plaintiff was at the Knox County Courthouse for court. Plaintiff stood to be handcuffed. Plaintiff was not resisting and posed no threat. May grabbed Plaintiff's wrist and said, "don't resist," even though Plaintiff was not resisting. May applied handcuffs so tightly that Plaintiff's wrist became numb and bled. Plaintiff experienced numbness for ten days. Deputy Damewood observed May's conduct but did not intervene. Inside the courthouse elevator, Damewood slammed Plaintiff's face into the elevator wall, causing Plaintiff to see stars and experience pain. Outside the courthouse, Sergeant Jennings joined the escort. Jennings pulled down Plaintiff's pants. May, Damewood, and Jennings forcefully shoved Plaintiff into the van, and into a metal cage, causing severe pain and a chipped tooth. Upon returning to the Jail, Sergeant Stewart saw Plaintiff's wrist bleeding, told Plaintiff a nurse would see him, but Plaintiff did not receive medical treatment.

Plaintiff alleges that beginning in about March 2026, when a filling fell out of a tooth, he has experienced severe dental pain, while being held at the Knox, Henry, and Grundy County Jails, but was denied access to dental care. Plaintiff asserts that May caused or directed the denial of dental treatment.

On May 5, 2026, Plaintiff had a preliminary hearing on a criminal case in Knox County, wished to appear in person, did not refuse transport, was forced to appear by Zoom, objected on the record, and alleges that May was responsible.

2. Analysis

Plaintiff's allegations against May from the September 16, 2025, incident, and against May, Damewood, and Jennings from the January 26, 2026, incident, state a claim against each for excessive use of force. Plaintiff alleges each Defendant was directly involved in abusing him while he was handcuffed, causing serious injuries. *Kingsley v. Hendrickson*, 576 U.S. 389, 396-97 (2015). Plaintiff also states a humiliation / unreasonable conditions of confinement and detention claim against Jennings for pulling Plaintiff's pants off. *See King v. McCarty*, 781 F.3d 889, 897 (7th Cir. 2015) (quoting *Mays v. Springborn*, 575 F.3d 643, 649 (7th Cir. 2009)).

Plaintiff does not state a claim against Stewart. Plaintiff's allegations that Stewart told Plaintiff that he would have a nurse evaluate Plaintiff's wrists, but that did not occur, do not establish a cause of action. Plaintiff's allegations do not demonstrate that he was experiencing a serious medical need at that time for which additional medical attention was needed or required by the Constitution.

Plaintiff's allegations against May regarding Plaintiff's court appearance via Zoom do not state a claim. Without an allegation that these actions caused him some injury or legal prejudice, these allegations are insufficient. *See Ortiz v. Downey*, 561 F.3d 664, 671 (7th Cir. 2009) (the plaintiff must allege legal prejudice to state First Amendment claim). There is no stand-alone right under the United States Constitution to be physically present in the courtroom for a preliminary hearing.

The Court finds that Plaintiff's allegations related to his dental care must proceed in a separate lawsuit. Plaintiff puts forth the conclusory allegation that May was involved in preventing or denying Plaintiff's dental care. Even if a court could

determine these allegations to be plausible, the Court finds, in an exercise of its discretion to manage the litigation before it, that if Plaintiff wants to pursue a claim related to dental care he has to file a separate lawsuit which will be assessed separately. *See Vermillion v. Levenhagen*, 604 F. App'x 508, 513 (7th Cir. 2015).

IT IS THEREFORE ORDERED:

1. **Plaintiff's Motion to Strike Unsigned Pleadings [22] is MOOT.**

2. **Plaintiff's Motion to Preserve Evidence [24] is DENIED. Defendants are under an obligation to preserve evidence if they believe litigation could occur, and upon service of this lawsuit they have additional obligations to preserve and produce evidence to Plaintiff. If Defendants violate those obligations certain rulings may be appropriate in this case in the future. But there is no stand-alone basis in this case at this time to order preservation of any specific evidence.**

3. **Plaintiff's Motion to Request Counsel [25] is DENIED.**

4. **Plaintiff's Motion for Status [27] is MOOT.**

5. **Pursuant to its merit review of the Complaint under 28 U.S.C. § 1915A, the Court finds that Plaintiff states claims against 1) Defendant May for the September 16, 2025, incident for excessive use of force, 2) against May, Damewood, and Jennings for the January 26, 2026, incident for excessive use of force, and 3) against Jennings for humiliation / unreasonable conditions of confinement and detention. Any additional claims and parties shall not be included in the case, except at the Court's discretion on motion and for good cause shown, or pursuant to Federal Rule of Civil Procedure 15. Clerk to terminate Defendant Stewart.**

6. **This case is now in the process of service. The plaintiff is advised to wait until counsel has appeared for the defendants before filing any motions, to give notice to the defendants and an opportunity to respond to those motions. Motions filed before defendants' counsel has filed an appearance will generally be denied as premature. The plaintiff need not submit any evidence to the court at this time, unless otherwise directed by the court.**

7. **The court will attempt service on the defendants by mailing each defendant a waiver of service. If a defendant fails to sign and return a waiver of service to the clerk within thirty days after the waiver is sent, the court will take appropriate steps to effect formal service through the U.S.**

**Marshals service on that defendant and will require that defendant to pay the full costs of formal service pursuant to Federal Rule of Civil Procedure 4(d)(2).**

8. **With respect to a defendant who no longer works at the address provided by the plaintiff, the entity for whom that defendant worked while at that address shall provide to the clerk said defendant's current work address, or, if not known, said defendant's forwarding address. This information shall be used only for effectuating service. Documentation of forwarding addresses shall be retained only by the clerk and shall not be maintained in the public docket nor disclosed by the clerk.**

9. **The defendants shall file an answer within 60 days of the date the waiver is sent by the clerk. A motion to dismiss is not an answer. The answer should include all defenses appropriate under the Federal Rules. The answer and subsequent pleadings shall be to the issues and claims stated in this opinion. In general, an answer sets forth the defendants' positions. The court does not rule on the merits of those positions unless and until a motion is filed by the defendants. Therefore, no response to the answer is necessary or will be considered. After the defendants have been served and have answered, the court will enter an order setting discovery and dispositive motion deadlines.**

10. **This district uses electronic filing, which means that, after defense counsel has filed an appearance, defense counsel will automatically receive electronic notice of any motion or other paper filed by the plaintiff with the clerk. The plaintiff does not need to mail to defense counsel copies of motions and other papers that the plaintiff has filed with the clerk. However, this does not apply to discovery requests and responses. Discovery requests and responses are NOT filed with the clerk. The plaintiff must mail discovery requests and responses directly to counsel for the appropriate defendant. Discovery requests or responses sent to the clerk will be returned unfiled unless they are attached to and the subject of a motion to compel. Discovery does not begin until the court has entered a scheduling order, which will explain the discovery process in more detail.**

11. **Counsel for the defendants is hereby granted leave to depose the plaintiff. Counsel for the defendants shall arrange the time for the deposition.**

12. **The plaintiff shall immediately notify the court, in writing, of any change in mailing address and telephone number. The plaintiff's failure to notify the court of a change in mailing address or phone number will result in dismissal of this lawsuit.**

**13. The clerk is directed to enter the standard qualified protective order pursuant to the Health Insurance Portability and Accountability Act.**

Entered this 19th day of November, 2026.

*s/Michael M. Mihm*
MICHAEL M. MIHM
UNITED STATES DISTRICT JUDGE